Filing # 138891170 E-Filed 11/19/2021 12:49:56 PM

IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT
IN AND FOR DUVAL COUNTY, FLORIDA
CIVIL DIVISION

CASE NO:

THOMAS JOYNER,

    Plaintiff,

vs.

HOME DEPOT USA, D/B/A,
THE HOME DEPOT,

    Defendant.
_____/

## COMPLAINT

COMES NOW Plaintiff, THOMAS JOYNER, and sues Defendant, HOME DEPOT USA, INC., d/b/a THE HOME DEPOT, and alleges:

1. This is an action for damages that exceeds the sum of THIRTY THOUSAND DOLLARS ($30,000.00), exclusive of costs, interest and attorneys' fees (The estimated value of Plaintiff's claim is in excess of the minimum jurisdictional threshold required by this Court). Accordingly, Plaintiff has entered "$30,001" in the civil cover sheet for the "estimated amount of the claim" as required in the preamble to the civil cover sheet for *jurisdictional purposes only* (the Florida Supreme Court has ordered that the estimated "amount of claim" be set forth in the civil cover sheet for data collection and clerical purposes only). The actual value of Plaintiff's claim will be determined by a fair and just jury in accordance with Article 1, Section 21, Fla. Const.

2. Plaintiff is a natural person residing in Duval County, Florida.

ACCEPTED: DUVAL COUNTY, JODY PHILLIPS, CLERK, 11/19/2021 01:41:25 PM

3. At all times material to this action, HOME DEPOT USA, INC., d/b/a THE HOME DEPOT, (herein after The Home Depot") is a Georgia corporation licensed to do business in the State of Florida.

4. At all times material hereto, Defendant was the owner and in possession of that certain business located at 9520 N Regency Square Blvd., Jacksonville, Duval County Florida, said business being that of a retail store, open to the general public, including the Plaintiff herein.

5. On or about February 26, 2021, Plaintiff visited Defendant's premises located at the above address to purchase paint.

6. At said time and place, Plaintiff was a guest at the retail store, lawfully upon the premises of the Defendant, who owed Plaintiff a duty to exercise reasonable care for his safety.

7. At said time and place, Defendant breached its duty owed to Plaintiff by committing one or more of the following omissions or commissions:

   a) Negligently failing to maintain or adequately maintain the newly placed rail below the paint counter, thus creating a hazardous condition to members of the public utilizing said paint counter, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

   b) Negligently failing to inspect or adequately inspect the rail below the paint counter, as specified above, to ascertain whether the rail constituted a hazard to pedestrians utilizing said paint counter, including the Plaintiff herein, thus creating an unreasonably dangerous condition to the Plaintiff;

   c) Negligently failing to inspect or adequately warn the Plaintiff of the danger of the railing below the paint counter, when Defendant knew or through the exercise of

       reasonable care should have known that said rail was unreasonably dangerous and that Plaintiff was unaware of same;

      d) Negligently failing to correct or adequately correct the unreasonably dangerous condition of the rail below the paint counter on Defendant's premises, when said condition was either known to Defendant or had existed for a sufficient length of time such that Defendant should have known of same had Defendant exercised reasonable care.

      8.    As a result, while Plaintiff was visiting Defendant's business, he tripped over a newly placed rail below the paint counter and fell, sustaining injuries as set forth.

      9.    As a direct and proximate result of the negligence of Defendant, Plaintiff suffered bodily injury in and about his body and extremities, resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to earn money, and aggravation of previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

      WHEREFORE, the Plaintiff, THOMAS JOYNER, sues the Defendant, HOME DEPOT USA, INC., for damages and demands judgment in excess of Thirty Thousand Dollars ($30,000.00), plus interest and costs, and demands trial by jury of all issues so triable.

**RESPECTFULLY** submitted this 19th day of November, 2021

                                                                */s/ Mark Kupcinskas*
                                                                Mark Kupcinskas, Esquire
                                                                FBN 117802
                                                                Morgan & Morgan Jacksonville, PLLC
                                                                76 South Laura Street, Suite 1100
                                                                Jacksonville, FL 32202
                                                                Telephone:     (904) 398-2722
                                                                Facsimile:       (904) 366-7677
                                                                Primary Email: Mkupcinskas@forthepople.com
                                                               Attorneys for Plaintiff